IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAND PARKWAY SURGERY CENTER, LLC, <br>     Plaintiff, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, <br>     Defendant. | § § § § § § § § § § | CIVIL ACTION NO. H-15-0297 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendant Health Care Service Corporation[1] ("HCSC"), to which Plaintiff Grand Parkway Surgery Center, LLC ("Grand Parkway") filed a Response [Doc. # 18], and HCSC filed a Reply [Doc. # 19]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to Counts 2 and 3, and **denies** the Motion to Dismiss in all other respects. Plaintiff may replead its claims in Count 2 if it is able to do so consistent with this Memorandum and Order.

---

[1]     Plaintiff named Health Care Service Corporation and Blue Cross and Blue Shield of Texas, Inc. as separate defendants. Following a merger in December 1998, Health Care Service Corporation is the single remaining entity.

## I.     BACKGROUND

Grand Parkway is an out-of-network medical provider that offers ambulatory surgical services in Fort Bend County, Texas. It provided these services to hundreds of patients who were participants in either private or employer sponsored health benefit plans through Blue Cross and Blue Shield of Texas, Inc. ("BCBSTX"), a division of HCSC. Plaintiff alleges that it billed for the services at the usual and customary rate, as provided for in the plans, but was underpaid on 293 claims by a total of $5,728,446.91.

Plaintiff filed this lawsuit under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to recover benefits payable for those services it rendered to participants in an employer sponsored health benefit plan. *See* Complaint [Doc. # 1], Count 1. Plaintiff also alleges that Defendants failed to provide a full and fair review as required by ERISA, and breached their fiduciary duties under ERISA. *See id.*, Counts 2 and 3. Plaintiff asserted a breach of contract claim under Texas law for failure to reimburse fully for services rendered to patients with private health benefit plans. *See id.*, Count 4. In Count 5, Plaintiff asserted a promissory estoppel claim under Texas law regarding all charges which were denied or underpaid.

HCSC filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over the ERISA claims because Plaintiff allegedly lacks standing. Additionally, HCSC seeks dismissal of all claims under Rule 12(b)(6), arguing that Plaintiff failed adequately to state a claim for relief. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.   RULE 12(b)(1) - LACK OF SUBJECT MATTER JURISDICTION

### A.   Applicable Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). "In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740

F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

### B. Standing

HCSC argues that the ERISA and breach of contract claims should be dismissed for lack of jurisdiction because Grand Parkway lacks standing to assert those claims.[2] HCSC argues specifically that Plaintiff has failed to allege adequately that it has valid assignments from its patients, and that 24 of the relevant plans have anti-assignment provisions.

"Standing is jurisdictional." *Letourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002). Healthcare providers do not have standing to sue in their own right to collect benefits under an ERISA plan,

---

[2] Plaintiff has standing to assert the promissory estoppel claim independent of any assignment. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 947 (E.D. Tex. 2011).

but they may obtain assignments from their patients and thereby have standing to bring ERISA suits to recover benefits. *See Northwest Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (2015). Similarly, to have standing to assert a breach of contract cause of action under Texas law, the plaintiff must be a party to the contract, a third-party beneficiary, or an assignee.[3] *Frontier Commc'ns Northwest, Inc. v. D.R. Horton, Inc.*, 2014 WL 7473764, *1 (Tex. App. – Fort Worth Dec. 31, 2014) (citing *Maddox v. Vantage Energy LLC*, 361 S.W.3d 752, 756-57 (Tex. App. – Fort Worth 2012, pet. denied)).

Plaintiff alleges that "each patient expressly and knowingly executed an Assignment of Benefits [that] transferred and assigned to Plaintiff the rights and interest to collect and be reimbursed for the patient's medical service(s) performed at Plaintiff's facility." *See* Complaint, ¶ 16. Plaintiff's allegations that it obtained an assignment of the patient's rights to recover benefits under the relevant plans is sufficient to avoid dismissal for lack of standing. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014). There is no requirement that Plaintiff attach each Assignment of Benefits to the Complaint.

---

[3] Texas Courts of Appeals are divided regarding whether lack of privity is a standing issue or a merits issue to be decided on summary judgment. *Compare Maddox*, 361 S.W.3d at 756-57 with *Nat'l Health Resources Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 128-29 (Tex. App. – Dallas 2014).

HCSC asserts that 24 of the plans at issue contained anti-assignment clauses. A purported assignment in violation of an anti-assignment clause is unenforceable and ineffective to assign the patient's rights under the plan. *See Letourneau*, 298 F.3d at 352-53. In certain circumstances, however, the defendant may have waived or be estopped to assert the anti-assignment provision. *See Hermann Hosp. v. MEBA Med. and Benefits Plan*, 959 F.2d 569, 574-75 (5th Cir. 1992), *overruled on other grounds by Access Mediquip, LLC v. UnitedHealthcare Inc. Co.*, 698 F.3d 229 (5th Cir. 2012). It is necessary and appropriate in this case to consider the effect of the anti-assignment clauses and the waiver and estoppel issues on a Motion for Summary Judgment when the plans, the assignments, and evidence regarding the parties' dealings are in the record. At the current stage, the Court concludes that Plaintiff has adequately alleged that it obtained a valid Assignment of Benefits from each patient and, as a result, the Court denies the Motion to Dismiss for lack of jurisdiction.

HCSC argues that even if the assignments to Grand Parkway are valid and enforceable, they do not provide standing for Grand Parkway to sue for anything other than plan benefits. Assignments that do not refer specifically to fiduciary duty or other non-benefits ERISA claims do not assign non-benefits claims to the plaintiff. *See Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014); *Sleep Lab at West Houston v. Tex. Children's Hosp.*,

2015 WL 3507894, *8 (S.D. Tex. June 2, 2015); *Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, 2014 WL 3533479, *2 (S.D. Tex. July 15, 2014). "[O]nly an express and knowing assignment of an ERISA fiduciary breach claim is valid." *Tex. Life, Acc. Health & Hosp. Serv. ins. Guar. Ass'n v. Gaylord Entertainment Co.*, 105 F.3d 210, 218 (5th Cir. 1997). The assignments on which Plaintiff relies are not attached to the Complaint and are not before the Court. As a result, the Court cannot determine whether any of the assignments in this case include the specific assignment of non-benefits ERISA claims or assign only the ERISA claim for payment of benefits.

Construing Plaintiff's allegations in the Complaint as true and in the light most favorable to Plaintiff, the Court concludes that Grand Parkway has standing to assert ERISA claims for benefits and breach of contract claims regarding private insurance plans. The Court does not decide at this stage of the proceeding whether anti-assignment provisions in certain plans are enforceable or whether the assignments specifically assign non-benefits ERISA claims. The Court denies the Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1).

## III.    RULE 12(b)(6) - FAILURE TO STATE A CLAIM

### A.    Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014).

On a motion to dismiss, the Court's review may consider the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are referenced in and central to the claims asserted in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### B.     Count 1 - Claim to Recover ERISA Benefits

Plaintiff's first claim is asserted pursuant to 29 U.S.C. § 1132(a)(1)(B) ("§ 502") to recover benefits due under the ERISA plans. "ERISA section 502(a)(1)(B) empowers a plan participant to sue 'to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the plan.'" *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 194 (5th Cir. 2015) (quoting 29 U.S.C. § 1132(a)(1)(B)). "If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Ins. v. Davila*, 542 U.S. 200, 210 (2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *Hamann v. Independence Blue Cross*, 543 F. App'x 355, 357 (5th Cir. 2013); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 600 (N.D. Tex. 2014).

HCSC argues that Count 1 should be dismissed because Plaintiff failed to allege the specific plan terms that confers the benefits in question. Plaintiff, however, alleges that the plan terms "allow for reimbursement of reasonable and necessary medical expenses at usual and customary rates" and that HCSC made reimbursement at drastically reduced rates. *See* Complaint, ¶ 34. This adequately identifies the plan

terms which Plaintiff asserts confers the benefits it seeks to recover under § 502. Whether the terms of the plans at issue in this case actually confer the benefits Plaintiff alleges can be raised on a motion for summary judgment.

HCSC argues also that Plaintiff failed to identify which claims involve ERISA plans and which involve private plans. In support of this argument, HCSC cites the Northern District of Texas's decision in the *Innova* case. In *Innova*, however, the plaintiff alleged generally, in connection with both ERISA and non-ERISA plans, that the defendant failed to make payments of benefits as required under the terms of the plans. *See Innova*, 995 F. Supp. 2d at 601, 603. In connection with the breach of contract claim, the plaintiff relied exclusively on a spreadsheet to provide the terms of the plans at issue. The Court in that case noted that the spreadsheet did not, however, identify the non-ERISA contracts and, more importantly, contained "no factual allegations regarding what rates were 'contractually agreed upon' or 'required by the contracts.'" *See id.* at 604. The Court in *Innova* dismissed the § 502 and breach of contract claims because the plaintiff failed to allege *any* specific plan terms that conferred the benefits it was seeking to recover, not because the plaintiff did not identify specifically which claims were based on employer sponsored ERISA plans and which were breach of contract claims based on private plans.

Plaintiff Grand Parkway, however, has alleged the specific plan terms that it believes confer the benefits it seeks. As a result, the failure to distinguish between claims based on ERISA plans and claims based on private plans does not require dismissal. The Court denies HCSC's Motion to Dismiss Count 1 of the Complaint.

### C.   Count 2 - Claims for Failure to Provide Full and Fair Review

In Count 2 of the Complaint, Plaintiff asserts a claim under 29 U.S.C. § 1133 ("§ 503") for failure to provide a full and fair review, and under 29 U.S.C. § 1132(c) ("§ 502(c)") for failure to supply required information. HCSC argues that these claims must be dismissed because the § 503 claim may be asserted only against the ERISA Plan itself, and the § 502(c) claim may be asserted only against the Plan Administrator.

Plaintiff concedes that it does not allege that HCSC is the Plan, but argues that the Court "can reasonably infer this allegation." *See* Response, p. 19. Plaintiff cites to nothing in the record, however, from which the Court could infer that HCSC is the Plan. As a result, the § 503 claim is dismissed.

Plaintiff alleges in the Complaint that "Defendants are the administrators for claims . . . ." *See* Complaint, ¶ 9. Plaintiff does not allege, however, that HCSC is the Plan Administrator, rather than the separate Claims Administrator. Accordingly, Plaintiff's § 502(c)(1) claim is dismissed.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In their Response, Plaintiff requests leave to amend the complaint should the Court determine that HCSC's Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an opportunity to supplement the Complaint by June 29, 2015, as to the claims in Count 2 to allege that HCSC is the Plan and/or the Plan Administrator, if consistent with the facts. Clearly, however, Plaintiff may not allege facts for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b). Additionally, Plaintiff may not assert the non-benefits ERISA claims in Count 2 unless the relevant assignments specifically reference non-benefits claims.

**D.     Count 3 - Claim for Breach of Fiduciary Duty**

In addition to the § 502(a)(1)(B) claim to recover benefits under the ERISA plans, Plaintiff asserts a claim under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)") for breach of fiduciary duty. An ERISA plaintiff may sue for breach of fiduciary duty only when there is no other available ERISA remedy. *See Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996); *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 546 n.65 (5th Cir. 2012); *Lopez v. Liberty Life Assur. Co. of Boston*, 2013 WL 5774878, *4 (S.D. Tex.

Oct. 24, 2013). Therefore, where a plaintiff asserts a claim to recover benefits, it "may not simultaneously maintain [a] claim for breach of fiduciary duty" under ERISA. *Rhorer v. Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), abrogated on other grounds by *Cigna Corp. v. Amara*, __ U.S. __, 131 S. Ct. 1866 (2011). This is true even if the plaintiff does not prevail on the claim for benefits. *See Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("The simple fact that Tolson did not prevail on his claim under section [502(a)(1)] does not make his alternative claim under section [502(a)(3)] viable.").

Grand Parkway asserts a claim for ERISA benefits under § 502(a)(1). Indeed, it is clear from the Complaint that the claim for benefits is the focus and "predominate cause of action" in the lawsuit. As a result, HCSC's Motion to Dismiss is granted as to Count 3.

### E.  Count 4 - Breach of Contract

With reference to the payments Grand Parkway received in connection with private healthcare plans, rather than ERISA plans, Grand Parkway asserts a breach of contract claim against HCSC. Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *CCC Group, Inc. v.*

*South Cent. Cement, Ltd.*, 450 S.W.3d 191, 196 (Tex. App. – Houston [1st Dist.] 2014); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

HCSC seeks dismissal of Plaintiff's breach of contract claim because Plaintiff does not adequately identify the contract terms that were breached. Plaintiff alleges that the contracts – the private health benefit plans – provided for "reimbursement of reasonable and necessary medical expenses at usual and customary rates in and around the treating medical providers' geographical area." *See* Complaint, ¶ 54. Plaintiff alleges that its billings at the usual and customary rates totalled $5,933,362.22, but HCSC paid only $204,915.31. *See id.*, ¶ 20. These allegations adequately identify the contract terms that Plaintiff alleges were breached. HCSC's Motion to Dismiss the breach of contract claim is denied.

### F. Count 5 - Promissory Estoppel

Plaintiff asserts a promissory estoppel claim under Texas law. "The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 378-79 (Tex. App.-- Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983)); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 974,

977 (5th Cir. 2014). HCSC argues that Plaintiff has failed to allege the promissory estoppel claim with adequate detail.

Plaintiff alleges in its Complaint that HCSC promised that the relevant patient and the medical services to be rendered to that patient were covered by a health insurance policy that included out-of-network benefits. *See* Complaint, ¶ 56. Plaintiff alleges also that HCSC promised reimbursement for the provided medical services at the usual and customary rate in Fort Bend County, Texas. *See id.* Plaintiff further alleges that it "reasonably and substantially relied" on HCSC's promises, and that its reliance was foreseeable. *See id.*, ¶ 57-58. Plaintiff alleges that it relied to its detriment, receiving underpayment in the amount of $5,728,446.91. *See id.*, ¶ 59. These allegations adequately state a promissory estoppel claim under Texas law. Plaintiff is not required at this stage to quote the specifics of each representation allegedly made in connection with each of the 293 separate claims. HCSC's Motion to Dismiss the promissory estoppel claim is denied.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 11] is **GRANTED** as to Counts 2 and 3 of the Complaint and **DENIED** in all other respects. It is further

**ORDERED** that, if Plaintiff can allege – consistent with its obligations under Rule 11 of the Federal Rules of Civil Procedure and with the rulings herein – that HCSC is the Plan and/or the Plan Administrator, it may do so in a supplemental pleading that must be filed by **June 29, 2015**.

SIGNED at Houston, Texas, this **16th** day of **June, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE