United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAND PARKWAY SURGERY CENTER, LLC,<br>     Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-15-0297 |
| HEALTH CARE SERVICE CORPORATION,<br>     Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Extend Time ("Motion") [Doc. # 31] filed by Plaintiff Grand Parkway Surgery Center, LLC ("Grand Parkway"), to which Defendant Health Care Service Corporation ("HCSC") filed a Response [Doc. # 33], and Plaintiff filed a Reply [Doc. # 35]. Having previously requested and obtained leave to file a timely first amended complaint, Plaintiff now seeks an extension of the October 9, 2015, deadline for amendments to pleadings and joinder of new parties in order to add numerous new parties to this suit. Plaintiff has not proffered a proposed second amended complaint in support of its Motion.

Having reviewed the full record, the parties' arguments, and applicable legal authorities, the Court concludes that Plaintiff has not met its burden to justify the

extensive amendment, particularly after pendency of this suit for ten months. The Court, therefore, **denies** the Motion.

## I.     BACKGROUND

Grand Parkway is an out-of-network medical provider that offers ambulatory surgical services in Fort Bend County, Texas. It provided these services to hundreds of patients who were participants in either private or employer-sponsored health benefit plans through Blue Cross and Blue Shield of Texas, Inc. ("BCBSTX"), a division of HCSC. Plaintiff alleges that it billed for the services at the usual and customary rate, as provided for in the plans, but was underpaid by a total of $7,949,978.73.

Plaintiff filed this lawsuit on February 2, 2015. By Memorandum and Order [Doc. # 20] entered June 16, 2015, the Court dismissed Plaintiff's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), that asserted HCSC failed to provide full and fair review and breached its fiduciary duty. The Court denied Defendant's motion to dismiss the ERISA claim to recover benefits payable for those services it rendered to participants in an employer sponsored health benefit plan, the breach of contract claim under Texas law for failure to reimburse fully for services rendered to patients with private health benefit plans, and the promissory estoppel claim under Texas law regarding all charges which were denied or underpaid.

On June 24, 2015, Plaintiff filed a Motion for Leave to File Amended Pleading [Doc. # 21]. A copy of the proposed First Amended Complaint was attached as an exhibit to the June 24, 2015 Motion. By Order [Doc. # 25] entered July 8, 2015, the Court granted leave and directed Plaintiff's counsel to file the First Amended Complaint as a separate docket entry.

At the initial pretrial conference on July 13, 2015, with input from and agreement of counsel for both parties, the Court issued a Docket Control Order [Doc. # 27]. The deadline for joinder of new parties and for amendments to pleadings was October 9, 2015. On October 9, 2015, Plaintiff filed the First Amended Complaint as directed by the Court in its July 8, 2015 Order.

Three business days later, Plaintiff filed its pending Motion to Extend Time. Plaintiff seeks a thirty (30) day extension of the deadline for joinder of new parties and amendments to pleadings.[1] The Motion has been fully briefed and is now ripe for decision.

---

[1] Plaintiff also seeks an extension of a November 16, 2015 "Deadline for serving discovery requests." The Court has imposed an April 29, 2016 deadline for the completion of all discovery, but has not imposed a separate deadline for serving discovery requests.

## II. EXTENSIONS UNDER RULE 16

### A. Applicable Legal Standard

Where, as here, a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after a scheduling order's deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)); *see also Spear Marketing, Inc. v. BankcorpSouth Bank*, 2013 WL 2077032, *1 (N.D. Tex. Aug. 12, 2013). To determine whether the moving party has established good cause, the Court considers the following four factors:

    (1)    the explanation for the failure to timely move for leave to amend;
    (2)    the importance of the amendment;
    (3)    potential prejudice in allowing the amendment; and
    (4)    the availability of a continuance to cure such prejudice.

*Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

### B.  Explanation for Failure to Amend by Deadline

Plaintiff asserts that discovery in this case has been "incredibly challenging" and that it "experienced great difficulty" reviewing the extensive production of documents by Defendant.  Plaintiff does not assert that, through the exercise of reasonable diligence, it could not meet the October 9, 2015 deadline for amendments and joinder of new parties.

The parties agreed to a rolling production of 293 claims records to begin on July 30, 2015.  Defendant met the deadline for the initial production, electronically producing the claim records with a separate folder for each individual claim. Plaintiff on September 3, 2015, first raised concerns about the production.  Plaintiff complained specifically that it could not access the files through the download link provided by Defendant because it had expired.  On September 4, 2015, Defendant responded, offering to provide a new download link.  Additionally, Defendant explained that the produced documents were organized with a separate folder for each individual claim and, in each claim folder, separate folders for claim forms, correspondence, appeals, plan documents, and Provider Claim Summary or Explanation of Benefits for that particular claim.  In the same September 4, 2015

email, Defendant expressly advised Plaintiff that approximately 100 of the claims at issue did not involve plans administered or offered by BCBSTX. Defendant suggested at that time that Plaintiff could determine from the patient ID cards in its files which claims were BCBSTX administered.

In summary, Defendant provided information regarding the claims beginning on July 31, 2015, and on September 4, 2015, Defendant advised Plaintiff that approximately 100 claims at issue were not administered by BCBSTX, simultaneously informing Plaintiff how to determine who administered its patients' claims. Plaintiff fails to explain why it could not, with reasonable diligence, have determined by October 9, 2015 which claims were administered by other entities and, if appropriate, have joined those other entities as new parties in this lawsuit in the First Amended Complaint timely filed on the October 9, 2015 deadline. As a result, this factor weighs heavily against a finding of good cause.

### C. Importance of the Amendment

Plaintiff seeks to file a Second Amended Complaint to add language from specific ERISA plans that differs from the "usual and customary" language in the Original and First Amended Complaints. Plaintiff does not explain how the new plan language differs from the language already included in the First Amended Complaint, whether that difference is material, or whether the new language relates to the plans

administered by BCBSTX or by other entities. Plaintiff fails to demonstrate that the amended plan language is important.

Plaintiff seeks also to join "no more than 6" additional defendants. Plaintiff fails to explain how the joinder of these parties in this lawsuit is important. Plaintiff makes reference to its need to review each of the claims in light of the statute of limitations, but does not identify any claim against any potential defendant that would be time-barred if Plaintiff were to file a separate lawsuit against the new defendant(s). As a result, Plaintiff has failed to demonstrate that the joinder of six additional parties is important.

### D.     Potential Prejudice In Allowing the Amendment

Plaintiff's proposed joinder of up to six additional defendants will cause significant prejudice to Defendant. Plaintiff will need time to serve each of the additional defendants, who will then need time to answer or file a motion to dismiss. If motions to dismiss are filed, the parties will need time to brief the motions, and the Court will need time to rule. The new defendants will likely be unable to meet the February 26, 2016 deadline for designating experts and providing expert reports. Indeed, it is clear that each of the remaining deadlines in the Court's Docket Control Order would need to be extended significantly.

Joinder of additional defendants will also likely increase the expense Defendant will incur in this lawsuit. Copying documents for six additional parties, attending depositions of witnesses related to the new parties, and similar expenses will increase HCSC's cost to defend this lawsuit.

### E. Availability of a Continuance to Cure Prejudice

Because Defendant would be prejudiced by the increased costs associated with adding new parties, the availability of a continuance would not cure or avoid that prejudice. Moreover, this case has been pending for ten months and the Court is not inclined to extend the remaining deadlines in this case to cure the prejudice from additional delay. Instead, the Court exercises its discretion to preserve the integrity and purpose of an established Docket Control Order, issued with input from and with the consent and agreement of all parties.

### III. CONCLUSION AND ORDER

Plaintiff has failed to demonstrate good cause of its failure to comply with the Court's July 13, 2015 Docket Control Order. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Extend Time [Doc. # 31] is **DENIED**.

SIGNED at Houston, Texas, this 3rd day of **November, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE